UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| JOHN F. CHASE, | ) | |
|---|---|---|
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL NO. 2:18-CV-165-DBH |
| ARTHUR MERSON, ET AL., | ) ) ) | |
| DEFENDANTS | ) ) | |

**PROCEDURAL ORDER**

This case is becoming procedurally and jurisdictionally complex. I ask that counsel meet and confer on the issues below (and any others they believe are pertinent) and that following such a conference, counsel request either a meeting with the judge on how to proceed or request oral argument.

### BACKGROUND

As the lawyers know, the plaintiff initially invoked this court's jurisdiction on the basis of a federal question (his RICO claims), 28 U.S.C. § 1331, and supplemental jurisdiction over a number of state law claims, 28 U.S.C. § 1367.

Two Maine-based defendants, the Cloutiers, moved to dismiss the only count against them (a state law claim) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and I granted their motion. Feb. 6, 2019 Order (ECF No. 84). In doing so, I observed that the contract upon which the plaintiff had unsuccessfully sued them provided for attorney fees to the prevailing party in a dispute, and I ruled that the Cloutier defendants were entitled to reasonable

attorney fees.  Id. at 6-7.  I directed that they apply for the fees in accordance with Local Rule 54.2.  My Order was not a final judgment because several other defendants remained in the lawsuit, and no party made a request under Fed. R. Civ. P. 54(b) for entry of final judgment as to those two defendants.  The Cloutier defendants promptly applied for fees under Local Rule 54.2, but I denied their application as premature on the premise that under that rule I should wait until the time for appeal had run.  Apr. 1, 2019 Order (ECF No. 101).

In the meantime, the defendant Patch filed a motion to dismiss on February 5, 2019 (ECF No. 83).  Although his opening paragraph said he sought dismissal for lack of subject matter jurisdiction, Mot. to Dismiss at 1, in fact he proceeded to argue that the plaintiff's federal RICO claims were preempted by the federal Private Securities Litigation Reform Act (PSLRA), id. at 4-10, or in the alternative were insufficiently pleaded, id. at 10-15, and that I should decline to exercise this court's supplemental jurisdiction under 28 U.S.C. § 1367 on the remaining state causes of action, id. at 16.  He also proceeded to argue that alternatively I should grant him judgment on the merits as to those claims.  Id. at 16-20.

I issued a Procedural Order on April 2, 2019 (ECF No. 102), inquiring whether other defendants wished to join in the motion.  I said that Patch had "moved to dismiss the entire case for lack of subject matter jurisdiction" and that some but not all other defendants had raised the issue of subject matter jurisdiction in their Answers, but not yet argued it.  Id. at 1.  I also said that "If I grant [Patch's] motion, the case will probably exit federal court (it seems

unlikely that the supplemental state claims would proceed without the federal hook)." Id. Thereafter, other defendants joined in Patch's motion and it was fully briefed.

On May 21, 2019, I granted dismissal of the RICO claims against Patch, Roy, Merson, and Endeavor Project Consultants LLC. May 21, 2019 Order at 12. (ECF No. 107). I did not say that this court thereupon lost jurisdiction. What I said was: "I Grant the motions to dismiss the RICO claims. I reserve decision on the motions to dismiss the remaining state law claims until I determine whether the plaintiff can maintain federal jurisdiction based upon diversity of citizenship," id. at 3, and I gave the plaintiff a deadline for seeking to amend his complaint, id. at 12. I did so because the plaintiff had stated that he was prepared to amend his filings to invoke diversity jurisdiction if I ruled that his RICO claims were preempted. Id. at 3 n.4; see also Pl.'s Opp'n to Def. Roy's Mot. to Dismiss (ECF No. 106). My basis for dismissing the RICO counts was that one federal law, the PSLRA, had preempted another federal law, RICO (the plaintiff had not asserted any claim under PLRSA). I did not say that this federal court lacked subject matter jurisdiction, and I believe it is pretty clear that there *was* subject matter jurisdiction and that the decision on whether to dismiss the supplemental state claims or rule on their merits is committed to the court's sound discretion. See Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 48 (1st Cir. 2019) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed

3

discretion," and this is a decision "that we review only for abuse of discretion") (internal quotations and citation omitted). But as I had suggested in my April 2 Order, if there is no longer a federal jurisdictional hook, I am likely to use my discretion to dismiss the state claims without ruling on their merits.

Now the plaintiff has moved to amend his complaint to drop the two Maine-based parties that I previously dismissed and one other Maine-based defendant, the defendant Roy. Am. Mot. to Amend Compl. (ECF No. 109). As a result, he says, there is complete diversity of citizenship between the plaintiff and the defendants consistent with 28 U.S.C. § 1332. Id. at 2. The defendants Patch, Merson, and Endeavor Project Consultants LLC oppose the motion on a number of grounds. (ECF Nos. 111, 112). The dismissed Cloutier defendants have expressed concern that whatever happens does not prejudice their claim against the plaintiff for attorney fees. Opp'n to Mot. to Amend Compl. at 2-3 (ECF No. 110).

I believe the following items/issues need clarification:

1. Have I ruled yet that this court has no jurisdiction? Is that even a possible ruling given the original pleading of RICO claims and 28 U.S.C. § 1367 making supplemental jurisdiction over state claims discretionary? See Delgado v. Pawtucket Police Dep't, supra.

2. The Supreme Court says that a plaintiff can drop a defendant under Fed. R. Civ. P. 21 to cure a diversity problem, see Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at

any time . . .”).  But that power seems to be limited to defendants who are not indispensable. Is Roy dispensable or indispensable?  In the plaintiff's motion he sometimes refers to Roy as "indispensable."  Am. Mot. to Amend Compl. at 1, 2.  He has also said that Roy is not indispensable.  <u>Id</u>. at 5.  The former references may be typographical errors; if not, or if Roy is actually indispensable, the plaintiff may not be able to drop the defendant Roy and achieve complete diversity.

3. The defendant Patch points out that in the proposed amended complaint the plaintiff alleges residence of the parties but not citizenship, and that residence alone is insufficient for diversity of citizenship jurisdiction.

4. For the diversity jurisdictional question, what is the status now of the Cloutier defendants?  I dismissed them some months ago, but no party asked for entry of final judgment, so theoretically the plaintiff still has a right to appeal their dismissal at the appropriate time.  Plus, what is the effect of their pending request for attorney fees?  Can those two issues be resolved to avoid any potential defect in diversity jurisdiction?

5. The defendant Patch has suggested that the cleanest route is the filing of a new lawsuit in either federal or state court.  That has some appeal to potentially avoid these hanging procedural issues.  But the plaintiff points out the substantial difficulty, delay, and expense he had in initially achieving service of process on the defendants.  Now that the defendants are represented in this court, is it possible for service to be accepted by their lawyers?

I believe it would be to the benefit of all concerned to resolve these technical jurisdictional issues (if they are resolvable) sooner rather than later. Counsel shall report back to the court by July 19, 2019.

**SO ORDERED.**

**DATED THIS 27TH DAY OF JUNE, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**