UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| JOHN F. CHASE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:18-cv-165-DBH |
| | ) | |
| ARTHUR MERSON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**DECISION AND ORDER ON PENDING MOTIONS**

This is a decision about subject matter jurisdiction. The plaintiff John F. Chase, a Maine citizen, sued Maine defendants and out-of-state defendants in this court, pleading several state and federal counts all relating in one way or another to fraud. At the time he filed the complaint, he did not assert diversity-of-citizenship jurisdiction. Instead, he claimed federal subject matter jurisdiction, 28 U.S.C. § 1331, based upon his federal Racketeer Influenced and Corrupt Organizations Act (RICO) claims, 18 U.S.C. § 1961 et seq., Compl. ¶ 12 (ECF No. 1), and supplemental jurisdiction, 28 U.S.C. § 1367, over his state law claims, Compl. ¶ 13. The Clerk's Office has entered default against some of the defendants.

In February, I granted two Maine-citizen defendants' (the Cloutiers') Rule 12(b)(6) motion to dismiss a state contractual claim (the only Count against them) and their request in turn for reasonable attorney fees as provided by that contract. I directed that their application for a fee amount be submitted under

Local Rule 54.2. Dec. & Order on Cloutier Defs.' Mot. to Dismiss (ECF No. 84). When they subsequently made a fee application, I denied it without prejudice on the basis that it was premature under the Local Rule until there was a final judgment and the time for appeal had run. Order on Cloutier Defs.' Mot. for Att'y Fees (ECF No. 101).

In May, I granted the remaining defendants' motion to dismiss the federal RICO claims. I ruled that the Private Securities Litigation Reform Act (PSLRA), Pub. L. No. 104–67, § 107, 109 Stat. 737 (1995), amending 18 U.S.C. § 1964(c), had preempted the RICO claims. Dec. & Order on Defs.' Motions to Dismiss (ECF No. 107). In responding to the motion, the plaintiff had said that he would like to plead diversity of citizenship jurisdiction if I dismissed his federal RICO claims[1]; I therefore reserved ruling at that time on the defendants' request that I decline supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). I conducted a conference of counsel to try to sort out the jurisdictional issues, but to no avail. I also allowed abundant time for the parties to confer, file amended pleadings, and brief the issues. Now, the plaintiff has moved to amend his complaint to dismiss a remaining Maine-citizen defendant (Keith Roy) and has argued that the two previously dismissed Maine-citizen defendants (Cloutiers) do not destroy complete diversity or that they should be dismissed (a second time, but this time on his motion and without prejudice) so that complete diversity exists. The defendants variously moved to dismiss for lack of subject matter jurisdiction and to compel arbitration, and the previously

---

[1] He did not assert any federal PSLRA claim.

dismissed Maine-citizen defendants (the Cloutiers) renewed their request for a specific amount of attorney fees. Def. Roy's Mot. to Dismiss (ECF No. 104), Defs. Merson's & Endeavor Project Consultant's Mot. to Dismiss (ECF No. 105), Def. Patch's Mot. to Compel Arbitration & Stay or Dismiss (ECF No. 120), and the Cloutier Defs.' Mot. for Att'y Fees (ECF No. 122). The plaintiff says that he has reached a settlement agreement with the Cloutier defendants over the amount of their fees, Pl.'s Response to Cloutier Defs.' Mot. for Att'y Fees (ECF No. 127), but the Cloutier defendants say that he has not paid the agreed amount and ask me to "award attorneys' fees in the amount of $13,444.00 in their favor and against plaintiff John F. Chase," unless he "promptly pays the agreed amount." Cloutier Defs.' Reply at 1 (ECF No. 128). That is where things stand.

At this time, I **GRANT** the defendants' motion to decline supplemental jurisdiction over the remaining state law claims and **DENY** as futile the plaintiff's motion to amend his complaint to achieve diversity of citizenship, see Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Jenkins, 732 F.3d 51, 75 (1st Cir. 2013) (both cases listing futility as a ground for denying a motion to amend).

Here is why.

***Supplemental Jurisdiction***

Under 28 U.S.C. § 1367(c)(3), dismissal of the remaining state law claims is appropriate in a case like this when "the district court has dismissed all claims over which it has original jurisdiction." It is a discretionary decision. See Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 48 (1st Cir. 2012). "In determining whether to retain jurisdiction on such an occasion, the court must

take into account considerations of judicial economy, convenience, fairness to the litigants, and comity. In the end, though, its decision is a 'pragmatic and case-specific' one . . . ." Id. Here, this Court has dealt with only service of process, defaults, ex parte attachment, preliminary subject matter jurisdiction skirmishing, and a narrow contract interpretation issue, and has not reached the heart or substance of the fraud lawsuit. Thus, judicial economy does not call for keeping the lawsuit here.[2] The merits of the underlying state law claims, including the scope of discovery, remain to be determined and belong in the state courts. "Comity is a particularly important concern in these cases." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998). "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." Id. That is the case here. The other Delgado factors do not outweigh the "particularly important" comity concern so as to justify supplemental jurisdiction.

***Motion to Amend to Support Diversity Jurisdiction***

I turn to the plaintiff's attempt to shift course and ground jurisdiction based upon diversity of citizenship. The First Circuit says: "Dismissal of a nondiverse dispensable party has long been recognized as a way to cure a jurisdictional defect and Rule 21 explicitly vests district courts with authority to

---

[2] The plaintiff argues that he will be prejudiced because in state court, although he may be able to serve the parties who have appeared here, he will have to "fight the battle over service all over again" with the defaulted parties. Pl.'s Reply in Support of Mot. to Dismiss Cloutier and Roy Defs. at 4 (ECF No. 126). Nevertheless, I conclude that assertion is not enough to justify supplemental jurisdiction under the Delgado factors, especially comity.

4

allow a dispensable nondiverse party to be dropped at any time." Caso v. Puerto Rico Elec. Power Auth'y, 770 F.3d 971, 977 (1st Cir. 2014).[3] The plaintiff has fraud and contract claims against Maine-citizen defendant Roy. The plaintiff has only a contract claim against the Maine Cloutier defendants, a claim that has already been dismissed. Roy is agreeable to being dropped as a defendant, as the plaintiff's motion to amend complaint proposes, but another defendant, Donald Patch, argues that Roy is an indispensable party and cannot be dropped. Def. Patch's Opp'n to Mot. to Dismiss at 8 & n.9 (ECF No. 123). As for the fraud claims, it is a general principle that joint tortfeasors are not indispensable, see Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22 (1st Cir. 2005); 7 Wright, Miller & Kane, Federal Practice & Procedure § 1623 (3d ed. 2019), and that is the nature of the tort claim against Roy. There is also nothing about the plaintiff's contract claim against the remaining defendants to make Roy or the Cloutiers indispensable in this lawsuit.[4] Instead, the Maine citizen defendants are dispensable.

Fed. R. Civ. P. 21 says that "the court may at any time, on just terms, . . . drop a party." There is no injustice to the defendant Patch (or others) in allowing the plaintiff to drop the Maine-citizen defendants at this early stage of the case.

---

[3] The Supreme Court has recognized that a jurisdictional defect can be cured by dropping a party who destroys diversity if the party is not indispensable. Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 572-73 (2004), *discussing* Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996).

[4] Patch seems to fear that the plaintiff will attack the validity of the contract and argues that all parties to the contract are indispensable to such an attack. Def. Patch's Opp'n to Mot. to Dismiss at p. 8 (ECF No. 123). I am uncertain whether he maintains that the Cloutier defendants, whose motion to dismiss I granted months ago, are also indispensable. In any event, the plaintiff has not attacked the validity of the contract in his pleadings, either current or proposed, and the Maine-citizen defendants are not indispensable to his contract claim. See Compl. (ECF No. 1); proposed amended compl. (ECF No. 109-1).

Patch highlights the complexity of the plaintiff's litigation claims against the several defendants and his fear that the claims may be pursued in several jurisdictions. But he does not show how any complexity the plaintiff may confront will result in injustice to *Patch*.[5]

I conclude that dropping Maine-citizen defendants is thus a permissible way to achieve complete diversity at this stage of this lawsuit. But the two previously dismissed Maine-citizen defendants (the Cloutiers) are not in the same position as Roy, and they destroy complete diversity unless they are finally out of the case, an event that has not happened. The plaintiff believes otherwise. He states:

> Given Mr. Chase's efforts to resolve this issue, and its ancillary nature relative to the broader case, the Court should not allow the question of attorney fees awarded to the Cloutier Defendants to hold up the dropping of non-diverse parties.
> If it wishes, the Court can resolve the attorney fee issue on its own, either by ruling that it did not have jurisdiction to make the award in the first place or by exercising its supplemental jurisdiction and rendering an attorney fee award based on the previously submitted briefs. Alternatively, the Court can simply leave the issue be. Dismissal of the Cloutier Defendants under Rule 21 would be without prejudice, and the parties could continue to work to resolve the issue informally after their dismissal or could resolve the issue in a future court action.

Pl.'s Mot. to Dismiss Cloutier and Roy Defs. at 4-5 (ECF No. 119). Most recently, he says that he and the Cloutier defendants have resolved the fee issue, Pl.'s

---

[5] The parties focus their attention on factors articulated in Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 834 (1989), and Gorfinkle, 431 F.3d 19. Both those cases dealt with the standards for dismissing a nondiverse party by a federal *appellate court*, where there is no Rule 21. Dismissal at that late stage is different from the dismissal here pursuant to Rule 21. Nevertheless, the Gorfinkle and Newman-Green standards do not produce a different result.

Response to Cloutier Defs.' Mot. for Att'y Fees (ECF No. 127), but the Cloutier defendants demur and continue to request a fee award. Cloutier Defs.' Reply in Support of Att'y Fees (ECF No. 128).

I understand the plaintiff's frustration that "dismissed" defendants are an obstacle to complete diversity, but frustration does not equal jurisdiction. The "dismissed" Cloutier defendants are still invoking this court's authority to award them attorney fees: "defendants Cloutier pray that unless plaintiff promptly pays the agreed amount, this Honorable Court will award attorneys' fees in the amount of $13,444.00 in their favor and against plaintiff John F. Chase." Cloutier Defs.' Reply in Support of Att'y Fees. The plaintiff's argument that I should rule now that this court never had jurisdiction in the first place to rule on the Cloutier defendants' 12(b)(6) motion to dismiss and the request for attorney fees is implausible. At the time of my ruling, the plaintiff had pleaded substantive federal RICO claims. I had jurisdiction to rule on those federal claims and thus had subject matter jurisdiction over supplemental state law claims. Although eventually I decided that the PSLRA preempted the RICO claims, that does not vitiate my earlier federal jurisdiction.

At this point, although I have granted the Cloutier defendants' 12(b)(6) motion to dismiss with prejudice, they remain as parties because: (1) final judgment has not entered; (2) they have not withdrawn their request that this court award them a specific fee amount; (3) if I ruled on the Cloutier defendants' request for an immediate award of fees, the amount of the award would be subject to appeal by both the plaintiff and the Cloutier defendants, and the

underlying ruling granting their 12(b)(6) motion would be subject to appeal by the plaintiff[6]; (4) if I granted the plaintiff's motion to dismiss them from the case without prejudice and without awarding them attorney fees, the Cloutier defendants would have the right to appeal that order. Thus, the Cloutier defendants are still parties for jurisdictional purposes. This is not a case like the Supreme Court's Caterpillar decision mentioned in note 3 supra, where "the diversity-destroying defendant settled out of the case and was dismissed," an event that "cured the jurisdictional defect." Grupo Dataflux, 541 U.S. at 573.

Finally, the Cloutier defendants have already won dismissal of the plaintiff's claim on the merits and an award of attorney fees (in an amount to be determined). It remains unclear to me what a dismissal "without prejudice" now would mean in light of my earlier rulings and what the Cloutier defendants have agreed to.[7] The plaintiff's jurisdictional problems are no justification for taking the 12(b)(6) victory away from the Cloutier defendants by now dismissing them from the case "without prejudice"—unless the Cloutier defendants agree to that new dismissal and its significance.[8]

In summary, the required complete diversity of citizenship, Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., 362 F.3d 136, 139 (1st Cir. 2004),

---

[6] If the court of appeals should vacate my earlier ruling that granted the motion to dismiss, the Cloutier defendants would remain in the case, destroying complete diversity.

[7] For example, does the plaintiff remain able to appeal the earlier ruling once final judgment is entered? Does the earlier ruling have any collateral estoppel effect?

[8] See St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 82 (2d Cir. 2005) (dropping nondiverse defendants "in the absence of any indication that [doing so] will cause any party prejudice").

remains unattainable, even with the plaintiff's proposed amendment of his complaint. The proposed amendment is futile.

Accordingly, the plaintiff's motion to amend complaint is **DENIED**, and the defendants' motion to decline supplemental jurisdiction over the remaining state law claims is **GRANTED**. In light of the dismissal, I do not rule on the pending motion to compel arbitration. The Cloutier defendants' renewed motion for attorney fees is **DENIED WITHOUT PREJUDICE** as still premature under Local Rule 54.2.

**SO ORDERED.**

**DATED THIS 22ND DAY OF OCTOBER, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**