**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| JOHN F. CHASE, | ) |
|           PLAINTIFF | ) |
| v. | ) CIVIL NO. 2:18-CV-165-DBH |
| ARTHUR MERSON, ET AL., | ) |
|           DEFENDANTS | ) |

**ORDER TO SHOW CAUSE**

The plaintiff filed two motions for entry of default and default judgment against four defendants in this case. Pl.'s Mots. for Entry of Default & Default J. as to Defs. Ochoa & Law Office of Chris Ochoa (ECF No. 34) and Hearld & Stellar Enterprises, Inc. (ECF No. 77). Default was entered for all four defendants. Orders Granting Mots. for Entry of Default (ECF Nos. 35 & 78). I have not yet ruled on the motions for default judgment.

Now that I have dismissed the plaintiff's claims against the non-defaulted defendants for lack of subject matter jurisdiction, and I have declined to exercise supplemental jurisdiction, Dec. & Order on Pending Motions (ECF No. 129), it appears I must also deny the default judgment motions. See 10A Wright & Miller, Fed. Practice & Pro. § 2690 (4th ed. 2016) at pp. 96-97 ("[I]f the action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants."); Restatement (2d) of Judgments § 65 ("[A] judgment by default may be avoided if it was rendered without compliance with the

[jurisdictional] requirements stated in § 1."); 3 Moore, Fed. Practice & Pro. § 25.104(2)(b)(1) ("If a court renders a judgment without subject matter jurisdiction, whether by default or on the merits, the judgment is void. The issue of subject-matter jurisdiction is always open, and courts at every stage of a proceeding are required to consider the issue even though the parties have failed to raise it.").

Accordingly, I **ORDER** that the plaintiff **SHOW CAUSE** by November 8, 2019, why I should not deny his motions for default judgment.

**SO ORDERED.**

**DATED THIS 25TH DAY OF OCTOBER, 2019**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**